**David H. Griggs, OSB No. 98243**
e-mail: dgriggs@dgmlawyers.com
DOLAN GRIGGS & McCULLOCH LLP
1130 S.W. Morrison St., Suite 630
Portland, Oregon 97205
Telephone: (503) 228-7500
Fax: (503) 243-1188

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TINA GILLARD,** | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | (Family and Medical Leave Act, 29 USC § 2601, *et seq*; Oregon Family Leave Act, ORS 659A.150, *et seq*; Wrongful Discharge) |
| **NORTHWEST NATURAL GAS COMPANY,** an Oregon Corporation | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

**NATURE OF THE ACTION**

1.

This is an action under the Family and Medical Leave Act ("FMLA"), 29 USC § 2601, to vindicate plaintiff's right to medical leave and to make plaintiff whole.

2.

This is also an action for violation of Oregon statutory and common law pursuant to this Court's supplemental jurisdiction.

Page 1 -- COMPLAINT

# 179921

## JURISDICTION AND VENUE

3.

This Court has original jurisdiction over the subject matter of plaintiff's claim pursuant to 28 USC §§1331 and 1343. This action is authorized and instituted pursuant to the FMLA, 29 USC § 2617.

4.

This Court has jurisdiction over plaintiff's state law claims set forth in this complaint under 28 USC §1367 pursuant to its supplemental jurisdiction to hear related state law claims. The state claims alleged herein arose from a common nucleus of operative facts, are related to the federal claims such that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

5.

Venue is proper in the District of Oregon because the claims and events giving rise to this action alleged herein occurred in the District of Oregon, Multnomah County, Oregon.

## PARTIES

6.

Plaintiff Tina Gillard ("plaintiff") was at all relevant times a resident of the State of Oregon.

7.

Defendant Northwest Natural Gas Company ("defendant") is an Oregon corporation doing business in Portland, Oregon, and has continuously had and does now have 50 or more employees in Oregon.

Page 2 -- COMPLAINT

Dolan Griggs & McCulloch LLP
1130 SW Morrison Street, Suite 630
Portland, Oregon 97205
(503) 228-7500
Fax: (503) 243-1188

**PROCEDURAL REQUIREMENTS**

8.

On or about July 28, 2003, plaintiff filed a complaint with the Civil Rights Division of the Oregon Bureau of Labor and Industries ("BOLI") with regard to her claims of discrimination pursuant to the FMLA and the Oregon Family Leave Act ("OFLA"), ORS 659A.150. Plaintiff has timely commenced this action after receiving a right to sue letter from BOLI dated July 20, 2004.

**FACTS**

9.

Plaintiff was an employee of defendant from January 30, 2001 until her termination on April 21, 2003. Plaintiff initially worked as a Customer Representative for defendant. In March 2002 plaintiff applied for and was accepted for transfer to defendant's Accounting Department as an Accounts Payable Clerk. Plaintiff worked in this position from approximately March 13, 2002 until her termination on April 21, 2003.

10.

During plaintiff's employment in defendant's Accounting Department plaintiff used authorized FMLA and/or OFLA leave for her own illnesses and medical needs, and for her dependents' illnesses and medical needs, including her son's serious, recurrent ear infections. Plaintiff never exceeded the maximum family leave days allowed per year by federal or state laws, and all but one day of plaintiff's absences from work were covered by a doctor's note.

///

///

Page 3 -- COMPLAINT

Dolan Griggs & McCulloch LLP
1130 SW Morrison Street, Suite 630
Portland, Oregon 97205
(503) 228-7500
Fax: (503) 243-1188

11.

During plaintiff's employment in the Accounting Department, Peter Tuazon, plaintiff's supervisor, and Elaine Barsotti, Accounts Payable Manager, were very critical of the amount of authorized FMLA and OFLA leave that plaintiff used.

12.

When plaintiff returned from an authorized family medical leave in early October 2002, she was told by defendant's management that the Accounting Department was behind in its work due to plaintiff's absences. Plaintiff offered to come in early and stay late in order to help the department catch up. Defendant's management refused plaintiff's offer citing a policy requiring the need for a supervisor to be present. Other Accounts Payable Clerks were permitted however to work late.

13.

Defendant's managers gave plaintiff verbal and written reprimands concerning her time off work for family medical leave.

14.

In February 2003 plaintiff requested, but was denied time off for family medical leave.

15.

In March 2003 plaintiff was diagnosed with a hernia and on March 17, 2003 plaintiff's doctor put her on a 30-day stress leave due to the stress that she was experiencing from work.

16.

Plaintiff returned to work on April 21, 2003 from her authorized FMLA and OFLA leave. On this day plaintiff informed Ms. Barsotti that she was pregnant and would need to miss some

Page 4 -- COMPLAINT

work during her pregnancy for prenatal visits. Plaintiff also informed Ms. Barsotti that her son needed another surgery on April 25, 2003 and that she would need to be home with him for 2 weeks after the surgery. A short time later on April 21, 2003 Ms. Barsotti and Susan Watters, a Human Resources representative for defendant, discharged plaintiff because of her use of FMLA and OFLA leave, and because of her notification to defendant that she would be needing additional FMLA and OFLA leave.

17.

Plaintiff during her employment with defendant continually met the FMLA's and OFLA's requirements for timely and proper requesting of leave time.

## FIRST CLAIM FOR RELIEF

**(Violation of the Family and Medical Leave Act, 29 USC § 2601 *et seq.*)**

18.

Plaintiff re-alleges paragraphs 1 through 17.

19.

Pursuant to 29 USC § 2614(a) defendant did not restore plaintiff to her position of employment when she returned from FMLA leave on April 21, 2003.

20.

Pursuant to 29 USC § 2615(a) defendant interfered with plaintiff's ability to exercise her FMLA rights by discouraging her from taking FMLA leave, by not giving her overtime work because she had used FMLA leave, and by terminating her on April 21, 2003 in retaliation for having taken FMLA leave and for requesting additional FMLA leave.

///

Page 5 -- COMPLAINT

Dolan Griggs & McCulloch LLP
1130 SW Morrison Street, Suite 630
Portland, Oregon 97205
(503) 228-7500
Fax: (503) 243-1188

21.

As a result of the termination of her employment with defendant, plaintiff suffered significant financial loss including lost wages and benefits in an amount to be determined at trial, but which amount is alleged to be not less than $52,000, as well as interest on this amount.

22.

Defendant's acts were in willful violation of the FMLA, and accordingly plaintiff is entitled to liquidated damages pursuant to 29 USC § 2617(a)(1) in an amount equal to her economic damages and interest, in addition to whatever equitable relief may be appropriate, such as re-employment.

23.

Plaintiff is entitled to recover her reasonable attorney's fees, reasonable expert witness fees, and other costs incurred in this matter pursuant to 29 USC § 2617(a)(3).

## SECOND CLAIM FOR RELIEF

**(Violation of the Oregon Family Leave Act, ORS 659A.150 *et seq*)**

24.

Plaintiff re-alleges paragraphs 1 through 17.

25.

Defendant did not restore plaintiff to her pre-OLFA leave position on April 21, 2003 as required by ORS 659A.171.

///

///

///

Page 6 -- COMPLAINT

Dolan Griggs & McCulloch LLP
1130 SW Morrison Street, Suite 630
Portland, Oregon 97205
(503) 228-7500
Fax: (503) 243-1188

26.

Defendant violated OFLA (ORS 659A.150 *et seq* and OAR 839-009-0320(3)) when it discriminated against plaintiff by not giving her overtime work because she had used OFLA leave.

27.

Defendant violated OFLA (ORS 659A.150 *et seq* and OAR 839-009-0320(3)) when it terminated plaintiff on April 21, 2003 in retaliation for plaintiff having taken OFLA leave and for requesting additional OFLA leave.

28.

As a result of defendant's acts, plaintiff suffered lost wages and benefits in an amount to be determined at trial, but which amount is alleged to be not less than $52,000.

29.

Plaintiff is entitled to costs and attorney fees pursuant to ORS 659A.885(1).

## THIRD CLAIM FOR RELIEF

**(Wrongful Discharge – Retaliation for invoking rights under FMLA and OFLA)**

30.

Plaintiff re-alleges paragraph 1 through 17.

31.

Defendant's actions as set forth constitute wrongful termination of plaintiff based on her exercise of her employment related rights to FMLA and OFLA leave.

///

///

Page 7 -- COMPLAINT

Dolan Griggs & McCulloch LLP
1130 SW Morrison Street, Suite 630
Portland, Oregon 97205
(503) 228-7500
Fax: (503) 243-1188

32.

Defendant's termination of plaintiff constituted an intentional breach of the public policies favoring an employee's right to take time off work and to seek time off work in order to obtain medical care for a serious health condition or to take care of a sick family member.

33.

Plaintiff does not have an existing adequate remedy at law.

34.

Defendant's wrongful termination of plaintiff resulted in plaintiff losing wages and benefits in an amount to be determined at trial, but which amount is alleged to be not less than $52,000.

35.

Plaintiff is entitled to lost future wages and benefits from the date of the trial forward, in an amount to be determined at trial, but which amount is alleged to be not less than $36,000.

36.

As a result of defendant's intentional acts alleged herein, plaintiff suffered emotional distress and humiliation. Plaintiff is entitled to recover noneconomic damages in the sum of $200,000, or such sum as may be awarded by the jury.

37.

Defendant's actions alleged herein were intentional and in deliberate disregard of the civil rights of plaintiff and were done with improper, and discriminatory and retaliatory motive, and defendant should be assessed punitive damages in the amount of $250,000, or such sum as may be awarded by the jury.

Dolan Griggs & McCulloch LLP
1130 SW Morrison Street, Suite 630
Portland, Oregon 97205
(503) 228-7500
Fax: (503) 243-1188

## JURY TRIAL DEMAND

38.

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised by this complaint.

WHEREFORE, plaintiff prays for relief as set forth in each claim for relief, for her attorney fees, expert witness fees, costs and expenses of suit, and pre- and post-judgment interest as applicable, and for such other additional relief in favor of plaintiff as the court deems just and appropriate.

DATED this 18th day of October, 2004.

DOLAN GRIGGS & McCULLOCH LLP

By: _____
David H. Griggs
OSB No. 98243
(503) 228-7500
(503) 243-1188 (fax)
dgriggs@dgmlawyers.com
Attorneys for Plaintiff

Page 9 -- COMPLAINT

Dolan Griggs & McCulloch LLP
1130 SW Morrison Street, Suite 630
Portland, Oregon 97205
(503) 228-7500
Fax: (503) 243-1188